Nicholson, C. J.,
delivered the opinion of the Court,-
This is a race betwixt creditors. Robert Brooks & Bro. attached the real estate of McBurney Broyles & Co., on the 16th of August, 1866, and Daniel Miller *37 & Co. attached the same property on the 18th of August, 1866. The question is, which of the attaching creditors secured the priority of lien. It is conceded that Brooks & Bro. were prior in time, hut it is insisted for Miller & Co. that on account of defects in the frame of Brooks & Bro.’s bill, and in their attachment bond, their attachment was a nullity.
The frame of the bill is anomalous in more respects than one, but that which is most seriously objected to is, that McBurney Broyles, one of the debtor firm of McBurney Broyles & Co., joins with Brooks & Bro. in charging fraud upon the firni of McBurney Broyles & Co., as the ground of the attachment. This singular proceeding is explained by the allegation, that Asá Bay-less, the other member of- the debtor firm, had already conveyed his property to his wife and children, to evade the payment of the firm debts, and that this act of fraud induced his partner, McBurney Broyles, to fear that he would also convey the real estate of the partnership for the same fraudulent purpose. Hence, Mc-Burney Broyles, to give a preference to Brooks & Bro., who had specially befriended the firm, joined in the bill in the affidavit and in the attachment bond. "Whilst this proceeding was unusual and anomalous, we do not see that it could affect the rights of Brooks & Bro.
It is next objected, that the names of the firm of Rob’t Brooks & Bro., complainants, aiid of the several other firms, creditors of McBurney Broyles & Co., who are made defendants, are not set out) in the bill, but that they are made parties by their firm-names. As to the names of the complainants, Robert Brooks & Bro., this *38 objection is not-well taken, their names being, in fact, set out full in the bill. As to the other firms made defendants, they were not necessary parties. The only necessary party was the debtor firm, of which Asa Bay! ess is made defendant by name. The other firms being creditors of McBurney Broyles & Co., might or might not be made parties defendant, in the discretion of the complainants. They were made parties for their benefit, if they should choose to avail themselves of any surplus that might remain for distribution, after complainant’s claim should be satisfied. Amongst the firms, so made defendants, is that of Daniel Miller & Co., who filed their attachment bill two days after complainants had attached, and then came forward, make their appearance as defendants to complainant’s bill, arid demur thereto, because they Avere made defendants by their firm-name only, and afterwards file their answer, in which they insist upon the same objection. Whatever complaint the other firm, who neither appeared nor defended, might have reason to make, for the failure to set out their full names, surely Daniel Miller & Co. can have none on that score, since they appeared and made this defense. But the omission was not material as to any of the firms, as they were not necessary parties.
The next objection, is, that in executing the attachment bond, complainants signed their firm-name of Robert Brooks & Bro., instead of signing the names the firm, separately. The signature of Robert Brooks & Bro., is followed by a scroll, intended to represent a seal. Before granting an attachment, the applicant, his agent or attorney, is required to execute a bond in double the *39 amount claimed to be due, and no attachment shall be dismissed for any defect in, or want of, bond, if the plaintiff, his agent or attorney, will substitute a sufficient bond: Code, §§ -3471 and 3477. Construing these provisions liberally, as we are required by § 3477 to do, we do not think the defect in the bond, if any defect, was such as to render the attachment a nullity, but that upon the execution of a sufficient bond, which, by the permission of the Chancellor, was done in this case, the complainant was entitled to the full benefit, of' the lien of his attachment, on the 16th of August, 1866.
We have indicated that we do not regard the bond as really defective, for the reason that it was signed in the firm-name of complainants. The provision in the Code, § 1804, that “the addition of a private seal to an instrument of writing, hereafter made, shall not affect its character in any respect/’ abolishes so completely the distinction between sealed and unsealed instruments of writing, that we think the signature of the firm-name of Robert Brooks & Bro. to the bond, though followed by a private seal, was binding on the firm, and therefore it was a good bond.
Upon the hearing of the cause, the Chancellor was of opinion, and so decreed, that complainants were entitled to the relief prayed for. In this we concur with him, and affirm the decree.